DAVID SPEARS (DS-2720)
CHRISTOPHER W. DYSARD (CWD-0002)
Spears & Imes LLP
51 Madison Avenue
New York, New York  10010
Tel:  (212) 213-6996
Fax: (212) 213-0849

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SECURITIES AND EXCHANGE COMMISSION          :

        Plaintiff,                                                              :

  v.                                                                                    :

JENNIFER XUJIA WANG, and                                    :        07 Cv. 3715 (AKH)
RUBEN a/k/a RUOPIAN CHEN,
                                                          :

        Defendants,                                                         :

        and                                                                         :

ZHILING FENG,

        Relief Defendant.                                                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW**

      We are counsel for defendants Wang and Chen in this action. Under Rule 65(b) of the Federal Rules of Civil Procedure, we seek a hearing within two days on the temporary restraining order issued <u>ex parte</u> and without notice on May 10, 2007.[1]

---

[1] Late yesterday afternoon, I began to receive telephone calls from reporters who had copies of the complaint and order. However, neither my clients nor I received a copy of the complaint, the order, or any of the associated papers until 10:31 a.m. today (by email), after I called the SEC and complained that we had not received service, or even notice, of the papers they had distributed to the press yesterday. If I had received the papers yesterday, I would have filed this motion yesterday, which would have meant the two days would run on Monday, May 14.

That order freezes all of the assets of both defendants, with no exceptions for living expenses or attorney's fees, and provides for no opportunity for the defendants to be heard before June 4, 2007. We believe this order is inconsistent with the express terms of Rule 65(b). Rule 65 provides, in relevant part, as follows:

> Every temporary restraining order granted without notice shall…expire by its terms within such time after entry, not to exceed ten days, as the Court fixes, unless within the time so fixed the Order, for good cause shown, is extended for a like period or unless the party against whom the Order is directed consents that it may be extended for a longer period.… In case a temporary restraining order is granted without notice, the motion for a preliminary injunction shall be set down for a hearing at the earliest possible time and takes precedence of all matters except older matters of the same character; and when the motion comes on for a hearing the party who obtained the temporary restraining order shall proceed with the application for a preliminary injunction, and if the party does not do so the Court shall dissolve the temporary restraining order. On two days' notice to the party who obtained the temporary restraining order without notice or on such shorter notice to that party as the Court may prescribe, the adverse party may appear and move its dissolution or modification and in that event the Court shall proceed to hear and determine such motion as expeditiously as the ends of justice require.

We seek to appear before the Court on Monday to argue for the dissolution or modification of the TRO. We intend to challenge the SEC's evidence in support of its application for a TRO. To that end, we are serving certain discovery requests on the SEC today, returnable Monday.

Dated: New York, New York
      May 11, 2007

Respectfully submitted,

*David Spears* (signature)

David Spears
Christopher W. Dysard
Attorneys for Defendants
Spears & Imes LLP
51 Madison Avenue
New York, New York 10010
(212) 213-6991