AMY J. GREER
KINGDON KASE
TAMI S. STARK (TS-8321)
COLLEEN LYNCH
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
Philadelphia Regional Office
701 Market Street
Suite 2000
Philadelphia, PA 19103
Telephone: (215) 597-3100
Telefax: (215) 597-2740

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/10/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

    v.

JENNIFER XUJIA WANG, and
RUBEN a/k/a RUOPIAN CHEN,

    Defendants,

    and

ZHILING FENG,

    Relief Defendant.

Civil Action No.

07 Civ 3715
ECF

---

### ORDER TO SHOW CAUSE, TEMPORARY RESTRAINING ORDER, AND ORDER FREEZING ASSETS AND GRANTING OTHER RELIEF

Plaintiff Securities and Exchange Commission ("Commission") having applied for an order (i) freezing the assets of defendants Jennifer Xujia Wang and Ruben a/k/a Ruopian Chen (collectively, "Defendants"), and relief defendant Zhiling Feng ("Feng"); (ii) temporarily restraining Defendants from violating Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5

thereunder, 17 C.F.R. § 240.10b-5; (iii) preliminarily enjoining Defendants from future violations of the respective provisions of the securities laws mentioned above; (iv) preventing destruction of evidence; (v) requiring Defendants and relief defendant Feng to repatriate funds transferred to overseas accounts and to deposit such funds into the Registry of the Court; and (vi) providing for alternative means of notifying Defendants and relief defendant Feng of these proceedings and serving them with process; and

The Court having further considered the Complaint filed in this action; the Commission's Application for a Temporary Restraining Order, Preliminary Injunction, and Order Freezing Assets and Granting Other Relief ("Application"); the memorandum of law filed in support of the Commission's Application; the Declaration of Kingdon Kase; and the Declaration of Daniel L. Koster; and

The Court having found (i) that the public interest requires that the Commission's Application for this Order be heard *ex parte*, (ii) that the Commission has made a sufficient and proper showing in support of the relief granted herein, as required by Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d), by establishing a *prima facie* case and a substantial likelihood that the Commission will prove at trial on the merits that the Defendants, and each of them, directly or indirectly, have engaged in and, unless enjoined by order of this Court, will continue to engage in acts, transactions, practices, and courses of business constituting violations of the federal securities laws as charged in the Complaint, and (iii) that, unless this Court orders the appropriate relief, Defendants and relief defendant Feng may dissipate, conceal, or transfer from the jurisdiction of this Court assets which could be subject to an order of disgorgement or an order to pay civil penalties in this action,

**I.**

**IT IS HEREBY ORDERED** that until further order of this Court

(a)     Defendants and relief defendant Feng, and their officers, directors, subsidiaries, agents, servants, employees, attorneys, successors-in-interest, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever, by themselves or any person or entity under their direct or indirect control, any funds or other assets presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such funds or other assets may presently exist and wherever located; and

(b)     any bank, savings and loan, mutual fund, or other financial or brokerage institution (including, without limitation, Bank of China, Scottrade, Inc., Interactive Brokers, LLC, Charles Schwab & Co., Inc., and J.P. Morgan Chase) or other person or entity located within the territorial jurisdiction of the United States courts that holds any funds, accounts or other assets in the name, for the benefit or under the control of Defendants or relief defendant Feng, or any of them, or for which Defendants or relief defendant Feng, or any of them, are signatories or have signing authority, and receives actual notice of this Order by personal service or otherwise, shall

   (i)    hold and retain within its control and prohibit the withdrawal, removal, transfer or other disposal of any funds or other assets in such accounts, and

(ii) **within three business days** of receipt of that notice, serve on counsel for the Commission a statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice. Service of such statement on counsel for the Commission shall be by express courier service or telefax directed to Colleen Lynch, Esquire, at the Securities and Exchange Commission, 701 Market Street, Suite 2000, Philadelphia, PA 19106 (telephone no. 215-597-3492), or at telefax number (215) 597-5885.

## II.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, Defendants, their agents, officers, servants, employees, and attorneys, and those persons in active concert or in participation with them who receive actual notice of this Order by personal service or otherwise, are temporarily restrained from violating Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, directly or indirectly, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, to:

(a) employ any device, scheme, or artifice to defraud,

(b) make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(c)     engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

### III.

**IT IS FURTHER ORDERED** that Defendants and relief defendant Feng, their agents, officers, servants, employees, and attorneys shall cooperate with the Commission in identifying, locating, marshalling, and preserving all of the assets of the Defendants and relief defendant Feng.

### IV.

**IT IS FURTHER ORDERED** that Defendants and relief defendant Feng, and all persons or entities acting at their direction or on their behalf are hereby enjoined and restrained from destroying, altering, concealing, or otherwise interfering with the Commission's access to, any and all documents, books, and records in the possession, custody, or control of the Defendants or relief defendant Feng, their agents, officers, employees, servants, accountants, financial or brokerage institutions, or attorneys relating to the assets of the Defendants or relief defendant Feng, or to the allegations of the Complaint.

### V.

**IT IS FURTHER ORDERED** that Defendants and relief defendant Feng shall, within five business days of the date of this Order:

(a)     take such steps as are necessary to repatriate to the territory of the United States all funds and assets that previously have been transferred overseas from their accounts in the United States, as described in the Commission's Complaint, which are held by them

or are under their direct or indirect control, jointly or singly, and to deposit such funds into the Registry of this Court; and

(b)  provide the Commission and the Court with an accounting of the funds and assets so repatriated.

### VI.

**IT IS FURTHER ORDERED** that Defendants show cause, if there be any, to this Court at 2:30 p.m. o'clock ____, on the 4TH day of June, 2007 in Room 14D of the United States Courthouse, 500 Pearl St., New York, N.Y. 10007, why this Court should not enter an Order preliminarily enjoining them from committing further violations of the respective provisions of the federal securities laws that Defendants have been restrained from violating pursuant to this Order.

### VII.

**IT IS FURTHER ORDERED** that Defendants and relief defendant Feng show cause at that time why this Court should not continue against them the other relief imposed with respect to them by this Order.

### VIII.

**IT IS FURTHER ORDERED** that Defendants and relief defendant Feng shall serve any opposing papers in response to this Order to Show Cause no later than 22 May, 2007 at 5:00 p.m. Service shall be made by delivering the papers to the Philadelphia Regional Office of the Commission, 701 Market Street, Suite 2000, Philadelphia, PA 19106 (telephone no. 215-597-3492), to the attention of Colleen Lynch, Esquire, or such other place as counsel for the Commission may direct in writing, by the most expeditious means available. The Commission shall have until

6

(AKH) 29 May, 2007, at 5:00 p.m., to serve any reply papers upon the Defendants by the most expeditious means available. and relief defendant Feng ~~in the manner set forth in Section IX herein.~~ (AKH)

IX.

A. **IT IS FURTHER ORDERED** that pursuant to Rule 4 of the Federal Rules of Civil Procedure, service of all pleadings and other papers, including the Summons, the Complaint, this Order and all documents filed in support thereof, and all other documents to be served in this action, shall be sufficient if made upon the Defendants or their attorneys by telefax, and/or overnight courier service for delivery on (AKH) the next day or the day following the entry of this Order, and/or by electronic mail, and promptly thereafter, by personal service. (See R. 4(e),(h), Fed. R. Civ. P.))

B. **IT IS FURTHER ORDERED** that pursuant to Rule 4 of the Federal Rules of Civil Procedure, service of all pleadings and other papers, including the Summons, the Complaint, this Order and all documents filed in support thereof, and all other documents to be served in this action, shall be sufficient if made upon relief defendant Feng, by serving such documents on Interactive Brokers, LLC, or any of its affiliates, successors in interest and assigns, by telefax, and/or overnight courier service for delivery on the next day or the day following the entry of this Order, and/or by (AKH) electronic mail, and, promptly thereafter, in accordance with Rule 4(f), Fed. R. Civ. P.

May 10, 2007
DATE
3⁵⁵ p.m.

_____
UNITED STATES DISTRICT JUDGE

7