DAVID SPEARS (DS-2720)
CHRISTOPHER W. DYSARD (CD-0002)
Spears & Imes LLP
51 Madison Avenue
New York, New York  10010
Tel:  (212) 213-6996
Fax: (212) 213-0849

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SECURITIES AND EXCHANGE COMMISSION,            :

                Plaintiff,            :

                v.                  :

JENNIFER XUJIA WANG, and            :     07 Cv. 3715 (AKH)
RUBEN a/k/a RUOPIAN CHEN,
                                  :

                Defendants,

                and

                                  :
ZHILING FENG,

                Relief Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DECLARATION OF CHRISTOPHER DYSARD IN SUPPORT
OF DEFENDANTS' MOTION TO MODIFY THE <u>EX PARTE</u> TEMPORARY
RESTRAINING ORDER AND FOR EXPEDITED DISCOVERY**

      1.     I am a member of Spears & Imes LLP.  We represent Defendants Jennifer Xujia Wang and Rubin Chen.  I am a member of the bar of New York, and serve as of counsel in this matter.

      2.     On April 12, 2007, Ms. Wang and Mr. Chen became citizens of the United States. On May 12, 2007, they received their United States passports.  On May 14, they surrendered their United States passports to the government.  Attached hereto as Exhibit 1 is a true and

correct copy of an email from AUSA Reed Brodsky dated May 14, 2007 confirming receipt of both passports.

3. Ms. Wang and Mr. Chen were formerly citizens of China. When they became citizens of the United States on May 12, 2007, their status as Chinese citizens was terminated. Attached hereto as Exhibit 2 is a true and correct copy of a page from the website maintained by the Consulate-General of the People's Republic of China in New York, which sets forth the Nationality Law of the People's Republic of China. Article 3 of the Nationality Law provides: "The People's Republic of China does not recognize dual nationality for any Chinese national." Article 9 of the Nationality Law provides: "Any Chinese national who has settled abroad and who has been naturalized as a foreign national or has acquired foreign nationality of his own free will shall automatically lose Chinese nationality."

4. Attached hereto as Exhibits 3 and 4 are the Appearance Bonds for Ms. Wang and Mr. Chen, respectively. At the top of each of those bonds, the requirement that they "surrender travel documents" is noted as "done." Ms. Wang's bond notes that she is under "strict pretrial supervision." Mr. Chen's bond notes that he is under "strict pretrial supervision," with "home detention with electronic monitoring." Both bonds have been signed by two co-signers, as required by the Court.

5. Ms. Wang and Mr. Chen own a co-op apartment in Queens, New York. They first put that apartment up for sale on July 12, 2006. Attached hereto as Exhibit 5 is a true and correct copy of the listing documents regarding that property.

6. Ms. Wang is eight months' pregnant and suffers from a serious medical condition called "placenta previa." Attached hereto as Exhibit 6 is a true and correct copy of a letter from Ms. Wang's physician, Dr. Stephen S. Wan, dated February 15, 2007, setting forth Ms. Wang's

condition. Attached hereto as Exhibit 7 is a true and correct copy of an excerpt from the online MedlinePlus Medical Encyclopedia, which explains that "[p]lacenta previa is a condition that may occur during pregnancy when the placenta implants in the lower part of the uterus and is close to or covering the cervical opening to the vagina." According to that document, complications include "major hemorrhage (bleeding), shock, and death."

7.  On April 14, 2007, I emailed the SEC a proposed agreement between the named account-holder of the Interactive Brokers account at issue in this matter and the SEC. Attached hereto as Exhibit 8 is a true and correct copy of my email with attachments. By the terms of that draft agreement, "no funds or securities shall be withdrawn from or transferred out of the Account without the prior written consent of the SEC." On April 19, 2007, Colleen Lynch of the SEC informed me by telephone that the SEC had decided not to enter into the proposed agreement because it believed its interests were "adequately protected."

\*   \*   \*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 15, 2007, in New York, New York.

_____
Christopher Dysard