AMY J. GREER
KINGDON KASE
TAMI S. STARK (TS-8321)
COLLEEN K. LYNCH
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
Philadelphia Regional Office
701 Market Street
Suite 2000
Philadelphia, PA 19103
Telephone: (215) 597-3100
Telefax: (215) 597-2740

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/18/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

JENNIFER XUJIA WANG, and
RUBEN a/k/a RUOPIAN CHEN,

    Defendants,

and

ZHILING FENG,

    Relief Defendant.

Civil Action No.

07 CV 3715 (AKH)

---

## ORDER OF PRELIMINARY INJUNCTION, FREEZING ASSETS AND GRANTING OTHER RELIEF AS TO DEFENDANTS JENNIFER XUJIA WANG AND RUBIN A/K/A RUBEN A/K/A RUOPIAN CHEN

Plaintiff Securities and Exchange Commission ("Commission") having filed a Complaint, and defendants Jennifer Xujia Wang ("Wang") and Rubin a/k/a Ruben a/k/a Ruopian Chen ("Chen") each having entered a general appearance; consented to the Court's jurisdiction over her/him and the subject matter of this action; consented to entry of this Order of Preliminary Injunction, Freeze of Assets and Other Relief ("Order of

Preliminary Injunction") without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Order of Preliminary Injunction;

**NOW THEREFORE,**

I.

**IT IS HEREBY ORDERED that until further order of this Court:**

(a) **Excepting those assets expressly identified in Section I(b) of this Order of Preliminary Injunction,** Wang and Chen and their agents, servants, employees, attorneys, successors-in-interest, and those persons in active concert or participation with them who receive actual notice of this Order of Preliminary Injunction by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever, by themselves or any person or entity under their direct or indirect control, any funds or other assets presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such funds or other assets may presently exist and wherever located.

Any bank, savings and loan, mutual fund, or other financial or brokerage institution (including, without limitation, Interactive Brokers, LLC) or other person or entity located within the territorial jurisdiction of the United States courts that holds such funds, accounts or other assets located within the territorial jurisdiction of the United States courts in the name, for the benefit or under the control of Wang and/or Chen and/or relief defendant Zhiling Feng ("Feng"), or for which Wang and/or Chen and/or Feng is a signatory or has signing authority, and receives actual notice of this Order of

Preliminary Injunction by personal service or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer or other disposal of any funds or other assets in such accounts.

(b)  The following assets of Wang and/or Chen are hereby released from the foregoing asset freeze:

      (i)    Account in the name of Chen at Charles Schwab & Co.;

      (ii)   Account in the name of Chen and Wang at the Bank of China;

      (iii)  Account in the name of Chen and Wang at J.P. Morgan Chase;

      (iv)  Account in the name of Chen and Wang at ING Direct;

      (v)   Account in the name of Chen and Wang at Citibank; and

      (vi)  Co-op located in Queens, N.Y. ("Queens Co-op") owned by Wang and Chen.

In addition, to the extent, and only to the extent, that it has been posted as security for Wang's and Chen's bail in the parallel criminal proceeding also filed in this Court, the asset freeze is also lifted on the house located in Millstone Township, N.J. ("New Jersey House").

(c)  The assets in each of the accounts released from the foregoing asset freeze ("Unfrozen Accounts") and the proceeds from any sale of the Queens Co-op, shall be used by Wang and Chen to pay legal expenses to Spears & Imes LLP and to pay their living expenses, as those living expenses are described herein at Section I(e).

(d)  In the event that additional funds are required by Wang and Chen for the payment of legal expenses to Spears & Imes LLP and/or to pay their living expenses, additional assets of Wang and/or Chen that may be subject to release from the asset freeze include a 401K account held in Chen's name at ING, and 401K accounts held in Wang's name at

Morgan Stanley and Barclays. Defendants Wang and Chen shall notify the Commission of their need for additional funds for legal and/or living expenses and the parties shall make every effort to reach agreement on this issue, prior to notifying the Court of the need to modify this Order of Permanent Injunction.

(e) According to estimates of Wang and Chen, they expect to incur, approximately, the following *monthly* living expenses:

| | |
|---|---|
| Mortgage payment for New Jersey house | $6,000.00 |
| Mortgage payment for Queens Co-op (until sale) | $1,700.00 |
| Maintenance charges for Queens Co-op (until sale) | $1,000.00 |
| Utility and other costs for N.J. house and for Queens Co-op (until sale) | $1,000.00 |
| Cost of food and other living expenses | $1,500.00 |

In addition, Wang and Chen may also incur expenses for unreimbursed medical expenses. Upon the sale of the Queens Co-op, $3,039.99, representing the related mortgage payment, maintenance charges and utility and other costs, will no longer be permitted as necessary living expenses.

(f) In connection with Wang and Chen's use of funds from the Unfrozen Accounts:

    (i) with the exception of the living expenses set forth in Section I(e), above, and with the exception of legal expenses payments to Spears & Imes, LLP, Wang and Chen shall notify the Commission of any and all expenditures in excess of **$500.00** within 2 business days of making said expenditures;

    (ii) with the exception of the living expenses set forth in Section I(e), above, and with the exception of legal expenses payments to Spears & Imes, LLP, Wang and Chen shall give notice to the Commission of their intent to

>   make any and all expenditures in excess of **$2,500.00**, so as to permit the Commission the opportunity to object to any such expenditure; and
>
> (iii)   in regard to any and all actual payments for legal expenses to Spears & Imes, LLC, Wang and Chen shall notify the Commission of the amount of any and all such payments within 2 business days of making such payments.

The Commission reserves the right to object to any expenditure that is not a legal expense to Spears & Imes, LLC and which does not fall within the delineated living expenses set forth in Section I(e), above. To the extent that the Commission notifies Wang and Chen of its objection to any expenditure, the parties shall make every effort to reach agreement on this issue, prior to notifying the Court of the need to modify this Order of Permanent Injunction or to take any other action to resolve the matter.

Should the Commission learn of any expenditure that was not reported by Chen and/or Wang in accordance with the provisions of Section I(f), the Commission may, at its discretion, **immediately** move this Court for an order modifying the terms of this Order of Permanent Injunction.

(g)   In connection with the Unfrozen Accounts, Wang and Chen shall provide the following information to the Commission: (i) monthly account statements for each unfrozen account, within 2 business days of receipt thereof; and (ii) notice of the source and the amount of any deposits, within 2 business days of such deposit. Should Wang and/or Chen fail to timely provide the required information, as set forth in this subparagraph (g), the Commission may, at its discretion, **immediately** move this Court for an order modifying the terms of this Order of Permanent Injunction.

## II.

**IT IS FURTHER ORDERED** that, until further order of this Court, defendants Wang and Chen, their agents, servants, employees, and attorneys, and those persons in active concert or in participation with them who receive actual notice of this Order of Preliminary Injunction by personal service or otherwise, are preliminarily enjoined from violating Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, directly or indirectly, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, to:

(a)  employ any device, scheme, or artifice to defraud,

(b)  make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(c)  engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

## III.

**IT IS FURTHER ORDERED that, except as otherwise provided herein,**

(a)  Defendants Wang and Chen, their agents, servants, employees, and attorneys shall cooperate with the Commission in identifying, locating, marshalling, and preserving all of the assets of Wang and/or Chen and/or any assets of Feng in their possession, custody or control;

(b)  Wang and Chen have provided to the Commission an accounting of their assets and liabilities. However, should any additional assets come to light that are owned or

controlled by Wang and/or Chen, Wang and Chen shall, within 2 business days, report the existence of such asset(s), which assets, absent modification of this Order, are and shall be subject to this Order of Preliminary Injunction and, specifically its provision freezing assets at Section I(a) above;

(c) the notification provided pursuant to Section III.(b) shall set forth, with respect to each such account or other asset, the identity and location of the bank, savings and loan, mutual fund, financial or brokerage institution, or other person or entity holding such funds or assets, and the balance in the account or description of the assets as of the close of business as of the date of this Order of Preliminary Injunction.

### IV.

**IT IS FURTHER ORDERED** that defendants Wang and Chen and all persons or entities acting at her/his/their direction or on her/his/their behalf are hereby enjoined and restrained from destroying, altering, concealing, or otherwise interfering with the Commission's access to, any and all documents, books, and records in the possession, custody, or control of Chen and/or Wang, their agents, employees, servants, accountants, financial or brokerage institutions, or attorneys relating to the assets of Wang and/or Chen and/or Feng or to the allegations of the Complaint.

### V.

**IT IS FURTHER ORDERED** that defendants Wang and Chen shall, within five business days of the date of this Order of Preliminary Injunction:

(a) take such steps as are necessary to repatriate to the territory of the United States all funds and assets that previously have been transferred overseas from their accounts in the United States, as described in the Commission's Complaint, which are held by them

or are under their direct or indirect control, and to deposit such funds into the Registry of this Court; and

(b)     provide the Commission and the Court with an accounting of the funds and assets so repatriated.

## VI.

**IT IS FURTHER ORDERED** that a hearing concerning the allegations in the Commission's Complaint shall be held in accordance with a scheduling order to be entered by this Court.

## VII.

**IT IS FURTHER ORDERED** that pursuant to Rule 4 of the Federal Rules of Civil Procedure, service of all pleadings and other papers, including the Summons, the Complaint, this Order and all documents filed in support thereof, and all other documents to be served in this action, shall be sufficient if made upon relief defendant Feng, by serving such documents on Interactive Brokers, LLC, or any of its affiliates, successors in interest and assigns, by telefax, and/or overnight courier service for delivery on the next day or the day following the entry of this Order, and/or by electronic mail, and provided, thereafter, by personal service pursuant to Federal Rule of Civil Procedure 4(f).

## VIII.

**IT IS FURTHER ORDERED** that, except as otherwise provided herein, pending the hearing to be held pursuant to Section VI above, any party to this action may, at any time, upon five business days notice to the other parties to this action, apply to this Court to modify any provision of this Order of Preliminary Injunction.

IX.

**IT IS FURTHER ORDERED** that relief defendant Feng, show cause, if there be any, at __2:30__ o'clock p.m., on the __4th__ day of June, 2007 in Courtroom 14D, United States Courthouse, 500 Pearl Street, New York, NY 10007, why this Court should not continue the relief entered against her in the Temporary Restraining Order, and Order Freezing Assets and Granting Other Relief ("Temporary Restraining Order") entered by the Court *ex parte* on Thursday, May 10, 2007.

X.

**IT IS FURTHER ORDERED** that, for good cause shown, including permitting additional time to notify relief defendant Feng of this action and for her to arrange to appear at the hearing scheduled by this Order, or to have a representative appear at that hearing on her behalf, the relief granted against relief defendant Feng in the Temporary Restraining Order shall continue in full force and effect.


__May 18, 2007__                    _____
DATE                                 HELLERSTEIN, ALVIN K.
                                     United States District Judge

AMY J. GREER
KINGDON KASE
TAMI S. STARK (TS-8321)
COLLEEN K. LYNCH
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
Philadelphia Regional Office
701 Market Street
Suite 2000
Philadelphia, PA 19103
Telephone: (215) 597-3100
Telefax: (215) 597-2740

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | |
| JENNIFER XUJIA WANG, and RUBEN a/k/a RUOPIAN CHEN, | Civil Action No. |
| Defendants, | 07 CV 3715 (AKH) |
| and | |
| ZHILING FENG, | |
| Relief Defendant. | |

**CONSENT OF DEFENDANT JENNIFER XUJIA WANG
TO PRELIMINARY INJUNCTION,
AND ORDER FREEZING ASSETS AND GRANTING OTHER RELIEF**

1.   Defendant Jennifer Xujia Wang ("Wang") acknowledges having been served with the complaint in this action, acknowledges having received a copy of the Order to Show Cause, Temporary Restraining Order, and Order Freezing Assets and Granting Other Relief as to defendants Wang, Rubin a/k/a Ruben a/k/a Ruopian Chen ("Chen") and relief defendant Zhiling Feng ("Feng"), entered by the Court on May 10,

2007 ("Temporary Restraining Order"), enters a general appearance, and admits the Court's jurisdiction over her and over the subject matter of this action.

2.  Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which she admits), Wang hereby consents to the entry of the Order of Preliminary Injunction, Freezing Assets and Granting Other Relief in the form attached hereto ("Order of Preliminary Injunction") and incorporated herein by reference, which, among other things:

(1) preliminarily enjoins Wang and Chen from violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78j(b), and Rule 10b-5, 17 C.F.R. §240 10b-5;

(2) freezes certain assets of Wang, Chen, and Feng, as more fully set forth in the Order of Preliminary Injunction;

(3) provides for reporting by Wang and Chen of certain of their assets, liabilities, payments of expenses, deposits, and account balances, as more fully set forth in the Order of Preliminary Injunction;

(4) requires Wang and Chen to cooperate with the Commission in identifying, locating, marshalling, and preserving all of their assets and any assets of Feng in their possession, custody, or control;

(5) prevents document alteration or destruction;

(6) requires Wang and Chen to repatriate funds to the Registry of the Court;

(7) authorizes alternative means of service;

(8) permits any party, upon five days notice to all other parties, to apply to the Court to modify the Order of Preliminary Injunction;

(9) schedules a hearing at which relief defendant Feng may show cause, if there be any, why the Court should not continue the relief entered against her in the Temporary Restraining Order; and

(10) extends the relief granted against relief defendant Feng in the Temporary Restraining Order.

3. Wang waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Wang waives the right, if any, to appeal from the entry of the Order of Preliminary Injunction.

5. Wang enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Wang to enter into this Consent.

6. Wang agrees that this Consent shall be incorporated into the Order of Preliminary Injunction with the same force and effect as if fully set forth therein.

7. Wang will not oppose the enforcement of the Order of Preliminary Injunction on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Consistent with 17 C.F.R. § 202.5(f), this Consent pertains only to the claims asserted against Wang in this civil proceeding. Wang waives any claim of Double Jeopardy based upon the entry of the Order of Preliminary Injunction, including the imposition of any remedy or civil penalty herein. Wang further acknowledges that the Court's entry of a preliminary injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing

boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.

9. Wang agrees that the Commission may present the Order of Preliminary Injunction to the Court for signature and entry without further notice.

10. Wang agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Order of Preliminary Injunction.

_____
JENNIFER XUJIA WANG

In New York County
On May 17, 2007, Jennifer Wang, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Ariel Applebaum-Bauch
Notary Public
Commission expires: Nov. 20, 2010

ARIEL APPLEBAUM-BAUCH
NOTARY PUBLIC, State of New York
No. 01AP6155799
Qualified in New York County
Commission Expires Nov. 20, 2010

Approved as to Form:

David Spears/ap
David Spears, Esquire

Spears & Imes LLP
51 Madison Avenue
New York, NY 10010

Attorney for defendant Jennifer Xujia Wang

4

AMY J. GREER
KINGDON KASE
TAMI S. STARK (TS-8321)
COLLEEN K. LYNCH
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
Philadelphia Regional Office
701 Market Street
Suite 2000
Philadelphia, PA 19103
Telephone: (215) 597-3100
Telefax: (215) 597-2740

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : <br>                  Plaintiff, : <br>                  v. : <br> JENNIFER XUJIA WANG, and : <br> RUBEN a/k/a RUOPIAN CHEN, : <br>                  Defendants, : <br>                  and : <br> ZHILING FENG, : <br>                  Relief Defendant. : | Civil Action No. <br><br> 07 CV 3715 (AKH) |

---

**CONSENT OF DEFENDANT RUBIN A/K/A RUBEN
A/K/A RUOPIAN CHEN TO PRELIMINARY INJUNCTION, AND
ORDER FREEZING ASSETS AND GRANTING OTHER RELIEF**

1.   Defendant Rubin a/k/a Ruben a/k/a Ruopian Chen ("Chen") acknowledges having been served with the complaint in this action, acknowledges having received a copy of the Order to Show Cause, Temporary Restraining Order, and Order Freezing Assets and Granting Other Relief as to defendants Chen, Jennifer Xujia Wang ("Wang"), and relief defendant Zhiling Feng ("Feng"), entered by the Court on May 10, 2007

("Temporary Restraining Order"), enters a general appearance, and admits the Court's jurisdiction over him and over the subject matter of this action.

  2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which he admits), Chen hereby consents to the entry of the Order of Preliminary Injunction, Freezing Assets and Granting Other Relief in the form attached hereto ("Order of Preliminary Injunction") and incorporated herein by reference, which, among other things:

  (1) preliminarily enjoins Wang and Chen from violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78j(b), and Rule 10b-5, 17 C.F.R. § 240 10b-5;

  (2) freezes certain assets of Wang, Chen, and Feng as more fully set forth in the Order of Preliminary Injunction;

  (3) provides for reporting by Wang and Chen of certain of their assets, liabilities, payments of expenses, deposits, and account balances, as more fully set forth in the Order of Preliminary Injunction;

  (4) requires Wang and Chen to cooperate with the Commission in identifying, locating, marshalling, and preserving all of their assets and any assets of Feng in their possession, custody, or control;

  (5) prevents document alteration or destruction;

  (6) requires Wang and Chen to repatriate funds to the Registry of the Court;

  (7) authorizes alternative means of service;

  (8) permits any party, upon five days notice to all other parties, to apply to the Court to modify the Order of Preliminary Injunction;

(9) schedules a hearing at which relief defendant Feng may show cause, if there be any, why the Court should not continue the relief entered against her in the Temporary Restraining Order; and

(10) extends the relief granted against relief defendant Feng in the Temporary Restraining Order.

3. Chen waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Chen waives the right, if any, to appeal from the entry of the Order of Preliminary Injunction.

5. Chen enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Chen to enter into this Consent.

6. Chen agrees that this Consent shall be incorporated into the Order of Preliminary Injunction with the same force and effect as if fully set forth therein.

7. Chen will not oppose the enforcement of the Order of Preliminary Injunction on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Consistent with 17 C.F.R. § 202.5(f), this Consent pertains only to the claims asserted against Chen in this civil proceeding. Chen waives any claim of Double Jeopardy based upon the entry of the Order of Preliminary Injunction, including the imposition of any remedy or civil penalty herein. Chen further acknowledges that the Court's entry of a preliminary injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing

boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.

9. Chen agrees that the Commission may present the Order of Preliminary Injunction to the Court for signature and entry without further notice.

10. Chen agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Order of Preliminary Injunction.

_____
RUBIN A/K/A RUBEN A/K/A RUOPIAN CHEN

In New York County
On May 17, 2007, Rubin Chen, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public    Ariel Applebaum-Bauch
Commission expires: Nov. 20, 2010

ARIEL APPLEBAUM-BAUCH
NOTARY PUBLIC, State of New York
No. 01AP6155785
Qualified in New York County
Commission Expires Nov. 20, 2010

Approved as to Form:

_____
David Spears, Esquire

Spears & Imes LLP
51 Madison Avenue
New York, NY 10010

Attorney for defendant Rubin a/k/a Ruben a/k/a Ruopian Chen

4