AMY J. GREER
KINGDON KASE
TAMI S. STARK (TS-8321)
COLLEEN K. LYNCH
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
Philadelphia Regional Office
701 Market Street
Suite 2000
Philadelphia, PA 19103
Telephone: (215) 597-3100
Telefax: (215) 597-2740

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/5/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>        v.<br><br>JENNIFER XUJIA WANG, and<br>RUBEN a/k/a RUOPIAN CHEN,<br><br>            Defendants,<br><br>        and<br><br>ZHILING FENG,<br><br>            Relief Defendant. | Civil Action No.<br><br>07 CV 3715 (AKH) |

### ORDER FREEZING ASSETS AND GRANTING OTHER RELIEF
### AS TO RELIEF DEFENDANT ZHILING FENG

Plaintiff Securities and Exchange Commission ("Commission") having filed a

complaint; this Court, upon the Commission's motion, having entered an Order to Show

Cause, Temporary Restraining Order, and Order Freezing Assets and Granting Other

Relief ("Order") that, among other things, granted certain relief against relief defendant

Zhiling Feng ("Feng") and scheduled a hearing (the "hearing") for 2:30 p.m. on June 4,

2007, at which relief defendant Feng was ordered to show cause why the Court should

not continue the relief imposed against her in the Order; the Commission having given

Feng sufficient notice of the hearing in accordance with the notice provisions set forth in

the Order; and relief defendant Feng having failed to appear at the hearing;

**NOW THEREFORE,**

**I.**

**IT IS HEREBY ORDERED that until further order of this Court:**

(a)     Feng and her agents, servants, employees, attorneys, successors-in-interest, and

those persons in active concert or participation with them who receive actual notice of

this Order by personal service or otherwise, and each of them, shall hold and retain

within their control, and otherwise prevent any disposition, transfer, pledge,

encumbrance, assignment, dissipation, concealment, or other disposal whatsoever, by

themselves or any person or entity under their direct or indirect control, of any funds or

other assets located within the territorial jurisdiction of the United States and presently

held by them, under their control or over which they exercise actual or apparent

investment or other authority, in whatever form such funds or other assets may presently

exist.

(b)     Any bank, savings and loan, mutual fund, or other financial or brokerage

institution (including, without limitation, Interactive Brokers, LLC) or other person or

entity located within the territorial jurisdiction of the United States that holds funds,

accounts or other assets located within the territorial jurisdiction of the United States in

the name, for the benefit or under the control of Feng, or for which Feng is a signatory or

has signing authority, and receives actual notice of this Order by personal service or

otherwise, shall hold and retain within its control and prohibit the withdrawal, removal,

transfer or other disposal of any such funds, assets, or accounts.

2

## II.

**IT IS FURTHER ORDERED** that Feng, her agents, servants, employees, and attorneys shall cooperate with the Commission in identifying, locating, marshalling, and preserving all assets in her possession, custody, or control that are located within the territorial jurisdiction of the United States.

## III.

**IT IS FURTHER ORDERED** that Feng and all persons or entities acting at her direction or on her behalf are hereby enjoined and restrained from destroying, altering, concealing, or otherwise interfering with the Commission's access to, any and all documents, books, and records in the possession, custody, or control of Feng, her agents, employees, servants, accountants, financial or brokerage institutions, or attorneys relating to the assets of Feng or to the allegations of the Complaint.

## IV.

**IT IS FURTHER ORDERED** that Feng shall, within five business days of the date of this Order:

(a)     take such steps as are necessary to repatriate to the territory of the United States all funds and assets utilized in connection with, or generated as a result of, the conduct alleged in the Commission's Complaint, that previously have been transferred overseas from her accounts in the United States, as described in the Commission's Complaint, which are held by her or are under her direct or indirect control, and to deposit such funds into the Registry of this Court; and

(b)     provide the Commission and the Court with an accounting of the funds and assets so repatriated.

## V.

**IT IS FURTHER ORDERED** that, except as otherwise modified by future Order of this Court, the relief granted herein shall remain in effect pending the ultimate determination of the claims set forth in the Commission's Complaint.

## VI.

**IT IS FURTHER ORDERED** that, pending the ultimate determination of the claims set forth in the Commission's Complaint, relief defendant Feng shall be entitled to a prompt hearing, upon request and on reasonable notice, at which she may show cause why she is entitled to relief from any provision of this Order.

_June 5, 2007_
DATE

HELLERSTEIN, ALVIN K.
United States District Judge

4