AMY J. GREER
KINGDON KASE
TAMI S. STARK (TS-8321)
COLLEEN K. LYNCH
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
Philadelphia Regional Office
701 Market Street
Suite 2000
Philadelphia, PA 19106
Telephone: (215) 597-3100
Telefax: (215) 597-2740

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| Plaintiff, | : | |
| v. | : | |
| JENNIFER XUJIA WANG, and RUBIN a/k/a RUBEN a/k/a RUOPIAN CHEN, | : | Civil Action No. |
| Defendants, | : | 07 CV 3715 (AKH) |
| and | : | [REDACTED] |
| ZHILING FENG, | : | |
| Relief Defendant. | : | |

## CONSENT OF DEFENDANT RUBIN A/K/A RUBEN A/K/A RUOPIAN CHEN TO FINAL JUDGMENT

1.    Defendant Rubin a/k/a Ruben a/k/a Ruopian Chen ("Defendant" or "Chen") acknowledges having been served with the Amended Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over him and over the subject matter of this action.

2.    Without admitting or denying the allegations of the Amended Complaint (except as to personal and subject matter jurisdiction, which he admits), Chen hereby

consents to the entry of the Final Judgment in the form attached hereto ("Final Judgment") and incorporated herein by reference, which, among other things:

(a)    permanently enjoins Chen and defendant Jennifer Xujia Wang ("Wang") from violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5;

(b)    orders Chen and Wang ("collectively "Defendants"), jointly and severally, to pay disgorgement in the amount of $727,733, together with prejudgment interest in the amount of $57,096, for a total of $784,829;

(c)    orders Chen and Wang each to pay a civil penalty in the amount of $50,000 pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), based on Defendants' sworn representations in their Statement of Financial Condition dated December 17, 2007, and other documents and information submitted to the Securities and Exchange Commission ("Commission");

(d)    orders Interactive Brokers LLC, within five business days of being served with the Final Judgment by facsimile or other reasonable means, to transfer to the Registry of the Court the amount of $884,829 from, or, in the event that the account balance is less than that amount, the balance of funds and assets then maintained in, account[REDACTED]3, in the name of relief defendant Zhiling Feng (the "Interactive Brokers account"), all of which shall be applied toward the payment of the disgorgement, prejudgment interest, and

2

civil penalties ordered against Chen and Wang pursuant to the
Final Judgment;

(e)  orders Defendants, within 30 days of the entry of the Final
Judgment, to pay into the Registry of the Court the balance, if any,
of disgorgement, prejudgment interest, and civil penalties ordered
against them in the Final Judgment, that remains after deducting
the amounts actually paid into the Registry of the Court from the
Interactive Brokers account pursuant to the Final Judgment; and

(f)  orders that, upon receipt by the Clerk of Court of all funds to be
transferred to the Registry of the Court by Defendants and
Interactive Brokers LLC pursuant to the Final Judgment as
payment of Defendants' disgorgement, prejudgment interest, and
civil penalties, which total $884,829, the Clerk of Court shall
promptly notify the Court and the parties hereto that such funds
have been paid, and, thereafter, the Court will issue an Order
lifting the freeze imposed on Defendants' and relief defendant
Feng's remaining funds, accounts, and other assets by the Order of
Preliminary Injunction, Freezing Assets and Granting Other Relief
entered on May 18, 2007.

3.    Defendant agrees that he shall not seek or accept, directly or indirectly,
reimbursement or indemnification from any source, including but not limited to payment
made pursuant to any insurance policy, with regard to any civil penalty amounts that
Defendant pays pursuant to the Final Judgment, regardless of whether such penalty
amounts or any part thereof are added to a distribution fund or otherwise used for the

3

benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4.      Defendant acknowledges that the Court is limiting the amount of the civil penalty imposed against him to $50,000, and limiting the amount of the civil penalty imposed against Wang to $50,000, based on Defendants' sworn representations in their Statement of Financial Condition dated December 17, 2007 and other documents and information submitted to the Commission. Defendant further consents that if at any time following the entry of the Final Judgment the Commission obtains information indicating that Defendants' representations to the Commission concerning Defendants' assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendants, petition the Court for an order requiring Defendants each to pay the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Defendants was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In any such petition, the Commission may move the Court to consider all available remedies, including but not limited to ordering Defendants to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of the Court's Final Judgment. The Commission may also request additional discovery. Defendants may not, by way of defense to such petition: (1) challenge the validity of their Consents or the Final

4

Judgment; (2) contest the allegations in the Amended Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or civil penalties should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of a further civil penalty in an amount to be determined by the Court; if the Court is inclined to hear from the parties on the issue of the amount of the further civil penalty, Defendants and the Commission may be so heard; or (6) assert any defense to liability or remedy relating to the claims asserted in the Amended Complaint filed by the Commission, including, but not limited to, any statute of limitations defense.

5.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.     Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute

notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

11.    Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the Amended Complaint in this action.

12.    Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for

proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Amended Complaint or creating the impression that the Amended Complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Amended Complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.     Defendant agrees that this Court shall retain jurisdiction over this matter

for the purpose of enforcing the terms of the Final Judgment.


_____

RUBIN A/K/A RUBEN A/K/A RUOPIAN CHEN


On Jan. 31_____, 2008, Rubin Chen_____, a person known to
me, personally appeared before me and acknowledged executing the foregoing Consent.


ariel Applebaum-
Bauch
_____
Notary Public
Commission expires: 11/20/10


ARIEL APPLEBAUM-BAUCH
NOTARY PUBLIC, State of New York
No. 01AP6155786
Qualified in New York County
Commission Expires Nov. 20, 2010

Approved as to Form:

_____
David Spears, Esquire
Christopher Dysard, Esquire
Spears & Imes LLP
51 Madison Avenue
New York, NY  10010

Attorneys for defendant Rubin a/k/a Ruben a/k/a Ruopian Chen


8

Agreed to as to paragraph 2(d) above:

Dated: _2008. 1. 31_

汤 栉 平 (signature)
ZHILING FENG

**WITNESS ATTESTATION:**

On _31 / 1_, 2008, ZHILING FENG, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Name: _Yueming_

9

AMY J. GREER
KINGDON KASE
TAMI S. STARK (TS-8321)
COLLEEN K. LYNCH
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
Philadelphia Regional Office
701 Market Street
Suite 2000
Philadelphia, PA  19106
Telephone: (215) 597-3100
Telefax: (215) 597-2740

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : |
| JENNIFER XUJIA WANG, and RUBIN a/k/a RUBEN a/k/a RUOPIAN CHEN, | : Civil Action No. |
| Defendants, | : 07 CV 3715 (AKH) |
| and | : [REDACTED] |
| ZHILING FENG, | : |
| Relief Defendant. | : |

---

## FINAL JUDGMENT

Plaintiff Securities and Exchange Commission ("Commission") having filed an Amended Complaint, and defendants Jennifer Xujia Wang ("Wang") and Rubin a/k/a Ruben a/k/a Ruopian Chen ("Chen") (Wang and Chen, collectively, "Defendants") each having entered a general appearance; consented to the Court's jurisdiction over her/him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Amended Complaint (except as to

jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment;

**NOW THEREFORE,**

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are jointly and severally liable for, and shall pay in the manner provided for in paragraphs IV and V of this Final Judgment, a total of $784,829, consisting of

disgorgement of $727,733, representing profits gained as a result of the conduct alleged

in the Amended Complaint, together with prejudgment interest of $57,096.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to

Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], Defendant Wang shall pay

a civil penalty in the amount of $50,000, and Defendant Chen also shall pay a civil

penalty in the amount of $50,000.  The amount of the civil penalties imposed against

Defendants Wang and Chen have been limited to $50,000 each based on Defendants'

sworn representations in their Statement of Financial Condition dated December 14,

2007, and other documents and information submitted to the Commission.  The

determination to so limit the amounts of the penalties hereby imposed against Defendants

is contingent upon the accuracy and completeness of Defendants' Statement of Financial

Condition.  If at any time following the entry of this Final Judgment the Commission

obtains information indicating that Defendants' representations to the Commission

concerning their assets, income, liabilities, or net worth were fraudulent, misleading,

inaccurate, or incomplete in any material respect as of the time such representations were

made, the Commission may, at its sole discretion and without prior notice to Defendants,

petition the Court for an order requiring Defendants each to pay the maximum civil

penalty allowable under the law.  In connection with any such petition, the only issue

shall be whether the financial information provided by Defendants was fraudulent,

misleading, inaccurate, or incomplete in any material respect as of the time such

representations were made.  In its petition, the Commission may move this Court to

consider all available remedies, including, but not limited to, ordering Defendants to pay

funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this

3

Final Judgment. The Commission may also request additional discovery. Defendants may not, by way of defense to such petition: (1) challenge the validity of their Consents or this Final Judgment; (2) contest the allegations in the Amended Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or civil penalties should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of a further civil penalty in an amount to be determined by the Court; if the Court is inclined to hear from the parties on the issue of the amount of the further civil penalty, Defendants and the Commission may be so heard; or (6) assert any defense to liability or remedy relating to the claims asserted in the Amended Complaint filed by the Commission, including, but not limited to, any statute of limitations defense.

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Interactive Brokers LLC, within five business days of being served with this Final Judgment by facsimile or other reasonable means, shall transfer to the Registry of the Court the amount of $884,829 from, or, in the event that the account balance is less than that amount, the balance of funds and assets then maintained in, account [REDACTED]3, in the name of relief defendant Zhiling Feng (the "Interactive Brokers account"). All of the funds transferred to the Registry of the Court pursuant to this paragraph shall be applied toward the payment of the disgorgement, prejudgment interest, and civil penalties hereby ordered against Chen and Wang. Interactive Brokers LLC shall make the foregoing payment by check payable to the Clerk of the Court, and shall include with such payment a cover letter identifying Wang and Chen as defendants in this action; setting forth the title and civil action number of this action and the name of this Court; stating the amount

4

of the payment; and specifying that payment is made pursuant to this Final Judgment. Interactive Brokers LLC shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel and Defendants' counsel in this action.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall pay the balance, if any, of the disgorgement, prejudgment interest, and civil penalties hereby ordered against them, after deducting the amounts actually paid into the Registry of the Court from the Interactive Brokers account pursuant to this Final Judgment, by paying that amount into the Registry of the Court, within 30 days of the entry of this Final Judgment. Defendants shall make such payment by cashier's check payable to the Clerk of the Court, and shall include with such payment a cover letter identifying Wang and Chen as defendants in this action; setting forth the title and civil action number of this action and the name of this Court; stating the amount of the payment; and specifying that payment is made pursuant to this Final Judgment. Defendants shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest that they and either of them have in such funds and any funds paid from the Interactive Brokers account pursuant to this Final Judgment, and no part of those funds shall be returned to Defendants. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, upon receipt by the Clerk of Court of all the funds to be transferred to it by Defendants and Interactive Brokers LLC pursuant to this Final Judgment as payment of Defendants' disgorgement,

5

prejudgment interest, and civil penalties as ordered herein, which total $884,829, the

Clerk of Court shall promptly notify the Court and the parties hereto that such funds have

been paid, and, thereafter, this Court will issue an Order lifting the freeze imposed on

Defendants' and relief defendant Feng's remaining funds, accounts, and other assets by

the Order of Preliminary Injunction, Freezing Assets and Granting Other Relief entered

on May 18, 2007.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, the Clerk of

Court shall, within 10 days after receiving payment of all funds required to be paid to the

Clerk by Defendants and Interactive Brokers LLC pursuant to this Final Judgment, which

total $884,829, transfer all of those funds to the Securities and Exchange Commission.

The payment shall be made by check, payable to the Securities and Exchange

Commission, shall be delivered or mailed to the Office of Financial Management,

Securities and Exchange Commission, Operations Center, 6432 General Green Way,

Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter

identifying Wang and Chen as defendants in this action; setting forth the title and civil

action number of this action and the name of this Court; and specifying that payment is

made pursuant to this Final Judgment. The Commission shall remit the funds paid

pursuant to this paragraph to the United States Treasury.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consents

executed by Defendants are incorporated herein with the same force and effect as if fully

set forth herein, and that Defendants shall comply with all of the undertakings and

agreements set forth in their respective Consents.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court

shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final

Judgment.

Dated: _____, _____

_____
HELLERSTEIN, ALVIN K.
UNITED STATES DISTRICT JUDGE