

AMY J. GREER
KINGDON KASE
TAMI S. STARK (TS-8321)
COLLEEN K. LYNCH
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
Philadelphia Regional Office
701 Market Street
Suite 2000
Philadelphia, PA 19106
Telephone: (215) 597-3100
Telefax: (215) 597-2740



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

   Plaintiff,

   v.

JENNIFER XUJIA WANG, and RUBIN a/k/a
RUBEN a/k/a RUOPIAN CHEN,

   Defendants,

   and

ZHILING FENG,

   Relief Defendant.

Civil Action No.

07 CV 3715 (AKH)

[REDACTED]

---

### FINAL JUDGMENT

Plaintiff Securities and Exchange Commission ("Commission") having filed an Amended Complaint, and defendants Jennifer Xujia Wang ("Wang") and Rubin a/k/a Ruben a/k/a Ruopian Chen ("Chen") (Wang and Chen, collectively, "Defendants") each having entered a general appearance; consented to the Court's jurisdiction over her/him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Amended Complaint (except as to

jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment;

**NOW THEREFORE,**

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are jointly and severally liable for, and shall pay in the manner provided for in paragraphs IV and V of this Final Judgment, a total of $784,829, consisting of

disgorgement of $727,733, representing profits gained as a result of the conduct alleged in the Amended Complaint, together with prejudgment interest of $57,096.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], Defendant Wang shall pay a civil penalty in the amount of $50,000, and Defendant Chen also shall pay a civil penalty in the amount of $50,000. The amount of the civil penalties imposed against Defendants Wang and Chen have been limited to $50,000 each based on Defendants' sworn representations in their Statement of Financial Condition dated December 14, 2007, and other documents and information submitted to the Commission. The determination to so limit the amounts of the penalties hereby imposed against Defendants is contingent upon the accuracy and completeness of Defendants' Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendants' representations to the Commission concerning their assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendants, petition the Court for an order requiring Defendants each to pay the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Defendants was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendants to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this

3

Final Judgment. The Commission may also request additional discovery. Defendants may not, by way of defense to such petition: (1) challenge the validity of their Consents or this Final Judgment; (2) contest the allegations in the Amended Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or civil penalties should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of a further civil penalty in an amount to be determined by the Court; if the Court is inclined to hear from the parties on the issue of the amount of the further civil penalty, Defendants and the Commission may be so heard; or (6) assert any defense to liability or remedy relating to the claims asserted in the Amended Complaint filed by the Commission, including, but not limited to, any statute of limitations defense.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Interactive Brokers LLC, within five business days of being served with this Final Judgment by facsimile or other reasonable means, shall transfer to the Registry of the Court the amount of $884,829 from, or, in the event that the account balance is less than that amount, the balance of funds and assets then maintained in, account [REDACTED] 3, in the name of relief defendant Zhiling Feng (the "Interactive Brokers account"). All of the funds transferred to the Registry of the Court pursuant to this paragraph shall be applied toward the payment of the disgorgement, prejudgment interest, and civil penalties hereby ordered against Chen and Wang. Interactive Brokers LLC shall make the foregoing payment by check payable to the Clerk of the Court, and shall include with such payment a cover letter identifying Wang and Chen as defendants in this action; setting forth the title and civil action number of this action and the name of this Court; stating the amount

of the payment; and specifying that payment is made pursuant to this Final Judgment. Interactive Brokers LLC shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel and Defendants' counsel in this action.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall pay the balance, if any, of the disgorgement, prejudgment interest, and civil penalties hereby ordered against them, after deducting the amounts actually paid into the Registry of the Court from the Interactive Brokers account pursuant to this Final Judgment, by paying that amount into the Registry of the Court, within 30 days of the entry of this Final Judgment. Defendants shall make such payment by cashier's check payable to the Clerk of the Court, and shall include with such payment a cover letter identifying Wang and Chen as defendants in this action; setting forth the title and civil action number of this action and the name of this Court; stating the amount of the payment; and specifying that payment is made pursuant to this Final Judgment. Defendants shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest that they and either of them have in such funds and any funds paid from the Interactive Brokers account pursuant to this Final Judgment, and no part of those funds shall be returned to Defendants. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, upon receipt by the Clerk of Court of all the funds to be transferred to it by Defendants and Interactive Brokers LLC pursuant to this Final Judgment as payment of Defendants' disgorgement,

prejudgment interest, and civil penalties as ordered herein, which total $884,829, the Clerk of Court shall promptly notify the Court and the parties hereto that such funds have been paid, and, thereafter, this Court will issue an Order lifting the freeze imposed on Defendants' and relief defendant Feng's remaining funds, accounts, and other assets by the Order of Preliminary Injunction, Freezing Assets and Granting Other Relief entered on May 18, 2007.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, the Clerk of Court shall, within 10 days after receiving payment of all funds required to be paid to the Clerk by Defendants and Interactive Brokers LLC pursuant to this Final Judgment, which total $884,829, transfer all of those funds to the Securities and Exchange Commission. The payment shall be made by check, payable to the Securities and Exchange Commission, shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Wang and Chen as defendants in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consents executed by Defendants are incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth in their respective Consents.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: July 2, 2008

HELLERSTEIN, ALVIN K.
UNITED STATES DISTRICT JUDGE