UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

JENNIFER XUJIA WANG, and RUBIN a/k/a
RUBEN a/k/a RUOPIAN CHEN,

    Defendants,

and

ZHILING FENG,

    Relief Defendant.

Civil Action No.
07 CV 3715 (AKH)

---

### MEMORANDUM OF LAW IN SUPPORT OF MOTION
### TO CORRECT THE FINAL JUDGMENT AND TO CONFORM THE RECORD

Plaintiff Securities and Exchange Commission (the "Commission") submits this memorandum of law in support of its motion, pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, to correct a clerical error in the Final Judgment, previously entered in this matter, and to conform the record accordingly.[1]

### FACTUAL BACKGROUND

This matter involved an alleged insider trading scheme perpetrated by Jennifer Xujia Wang ("Wang") and her husband, Rubin a/k/a Ruben a/k/a Ruopian Chen ("Chen") (collectively, "Defendants"). The case was originally filed as an emergency matter on

---

[1] Counsel for the defendants was contacted and had the opportunity to review the Motion, Memorandum of Law, and proposed Order, and have advised that they do not intend to object to the relief requested.

May 10, 2007. The Commission sought, and this Court issued, a temporary restraining order which, among other things, froze the Defendants' assets and ordered the repatriation of funds taken out of the United States. The Defendants were criminally prosecuted for the same conduct that was the subject of the Commission's Complaint and, thereafter, a settlement was reached with Defendants in relation to the Commission's case.

In the Commission's Complaint, Defendants were alleged to have engaged in insider trading in violation of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b5], and the Commission sought, as permanent relief, permanent injunctions against future violations, disgorgement of all ill-gotten gains, prejudgment interest, and civil penalties. Generally speaking, in connection with alleged violations of law based on insider trading, the Commission is authorized to seek, and United States District Courts have jurisdiction to impose, civil penalties pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1], "Civil Penalties for Insider Trading."

Unfortunately, due to a clerical error, the Complaint filed in this case cited Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], a provision that also provides for the imposition of civil penalties but, generally, is not applicable under the facts presented by this case. This clerical error was then carried through in all of the documents that were later filed in the case, including the Amended Complaint, the Consent of Defendant Jennifer Xujia Wang to the Final Judgment, the Consent of Rubin a/k/a Ruben a/k/a Ruopian Chen to the Final Judgment, and the Final Judgment itself, each of which erroneously referenced Section 21(d)(3), rather than Section 21A, as the

2

basis for the Court's jurisdiction to impose a civil penalty for the insider trading conduct alleged.[2]

Accordingly, the Commission now respectfully requests that this Court enter an Order, in the form submitted herewith, correcting the error in the Final Judgment and conforming the record in this matter, to reflect the proper jurisdictional basis for this Court's authority to order the civil penalties to which Defendants have consented. The requested correction will not impact or alter the rights or obligations of the Defendants or of any third party, as set forth in this Court's prior orders, in the Final Judgment, or otherwise.

### An Order Under Rule 60(a) Is The Appropriate Vehicle For Correcting The Judgment And Conforming The Record In This Case.

Rule 60(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Here, in the hurry to get an emergency action filed to halt an ongoing fraud, an incorrect statutory section was cited in error and, unfortunately, that error was replicated in the later-filed settlement documents and in the Final Judgment. The mistake was mere inadvertence and granting the requested relief will have absolutely no impact whatsoever on the Defendants or on any third-party. Rather, the relief sought will have only the effect intended by Rule 60(a), that is, the record in this case will be corrected to reflect the proper jurisdictional authority of this Court to enter the relief to which the Defendants

---

[2] The Consents were entered of record on July 1, 2008; the Amended Complaint and the Final Judgment were entered of record on July 3, 2008.

3

consented. *See, e.g., Bsteem Holding Co., Inc. v. Stella*, 1997 U.S. Dist. LEXIS 14010, at * 5 and * 16 (S.D.N.Y. September 15, 1997) (distinguishing mechanical changes to correct clerical errors from changes that affect the substantive rights of the parties).

There can be no question but that this case was and always has been a case in which Defendants were alleged to have engaged in insider trading. Generally speaking, the statute that authorizes the Commission to seek, and grants this Court the jurisdiction to impose, civil penalties for insider trading is Section 21A of the Exchange Act, and not the statutory section that was erroneously cited. Thus, the intention of the parties and of the Court was that civil penalties should be ordered pursuant to the applicable statute, Section 21A of the Exchange Act. Rule 60(a) is the appropriate vehicle to correct errors in the record so as to accurately reflect the intention of the parties and of the court. *See, e.g., Robert Lewis Rosen Associates, Ltd. v. Webb*, 473 F.3d 498, 504-505 and n.11, (2d Cir. 2007) (affirming the entry of a supplemental judgment and noting that Rule 60(a) is appropriately used to correct errors that do not affect substantive rights and to conform to the intent of the Court); *Hodge v. Hodge*, 269 F.3d 155, 158 (2d Cir. 2001) (*citing* 11 Charles Alan Wright, et al., Federal Civil Practice and Procedure § 2854 (2d ed. 1995)). *See also Boyce v. Soundview Technology Group, Inc.*, 2005 U.S. Dist. LEXIS 4100, * 4 (S.D.N.Y. March 18, 2005) ("The Rule provides parties with a mechanism to ensure that any judgment accurately reflects the adjudication of the rights and obligations of the parties.") (correcting the judgment to add prejudgment interest, where the governing law requires such amounts to be included) (underlying damages judgment reversed and remanded on other grounds).

## CONCLUSION

For the foregoing reasons, the Commission respectfully requests that this Court enter an Order correcting the Final Judgment previously entered in this case and conforming the record to reflect that Section 21A of the Securities Exchange Act of 1934 is the applicable statutory provision governing the civil penalty ordered in this case.

Respectfully submitted,

s/
_____
Daniel M. Hawke
Elaine C. Greenberg
Amy J. Greer
Kingdon Kase
Tami S. Stark (TS-8321)
Colleen K. Lynch

Attorneys for Plaintiff

**SECURITIES AND EXCHANGE COMMISSION**
Mellon Independence Center
701 Market Street, Suite 2000
Philadelphia, PA 19106
Telephone: (215) 597-3100
Facsimile: (215) 597-2740

Dated: July 10, 2008